UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY VAN OSS,

        Plaintiff,

Case No. 09-C-1069

STERLING AVIATION, LLC,
a limited liability company,

        Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT FILED ON JUNE 18, 2010**

      The plaintiff, Jeffrey Van Oss, filed a complaint on November 12, 2009 with this court alleging that the defendant Sterling Aviation, LLC acted in violation of the Family and Medical Leave Act. On June 18, 2010, plaintiff filed an amended complaint.[1] In this amended complaint, plaintiff alleges an additional claim of retaliation discrimination under Title VII of the Civil Rights Act. In paragraph 1 of the amended complaint, plaintiff alleges that his termination from employment constituted unlawful retaliation for his opposition to gender discrimination in the workplace. (Amended Complaint, page 1).

      Defendant moves this court to dismiss plaintiff's Title VII retaliation claim as contained in the amended complaint as the retaliation claim does not reasonably relate to the claims alleged in plaintiff's Discrimination Complaint filed with the Equal Employment Opportunity Commission, upon which this lawsuit and this additional claim is based. Consequently, plaintiff

---

[1] When plaintiff filed his amended complaint, plaintiff captioned the document "Complaint" which is the same caption used for the original complaint filed on November 12, 2009. For purposes of this memorandum, defendant will use the term "amended complaint" to refer to the amended complaint as docketed on June 18, 2010 and as referred to in the cover letter enclosing the amended complaint as filed. References to the amended complaint will be designated as "Amended Complaint" and will follow with a specific numbered paragraph designation.

#430508

1

has failed to comply with the administrative prerequisites and failed to exhaust his administrative remedies as to this claim. Due to this failure, this claim must be dismissed as such a claim cannot form the basis of a civil action as alleged in plaintiff's amended complaint filed on June 18, 2010.

## Procedural Background

### 1. Plaintiff's EEOC Charge

On May 21, 2008, the plaintiff filed a Discrimination Complaint with the Wisconsin Equal Rights Division of the Department of Workforce Development that was cross-filed with the United States Equal Employment Opportunity Commission (EEOC) (hereinafter referred to as "EEOC charge"). (Hanneman Aff. ¶ 2, Exh. A; Amended Complaint, ¶ 34)[2]. In this EEOC charge, plaintiff alleged discrimination based on disability and because he opposed discrimination in the workplace in violation of the Wisconsin Fair Employment Act, the Americans with Disabilities Act and Title VII. On May 13, 2010, plaintiff was issued a Notice of Right to Sue on his EEOC charge. (Hanneman Aff. ¶ 6, Exh. B; Amended Complaint, ¶ 35). Plaintiff then initiated his federal court amended complaint within 90 days of the issuance of this Notice of Right to Sue.

Plaintiff filed his EEOC charge on May 21, 2010. The allegations and narrative of the particulars of plaintiff's EEOC charge allege a disparate treatment claim of discrimination. This complaint was drafted and signed on plaintiff's behalf by his lawyer, Dawn R. Caldart. This EEOC charge consisted of the completed two-page form which contains six numbered sections and a separate narrative consisting of 23 paragraphs in addition to attached exhibits.

---

[2] "Hanneman Aff., ¶ ___" followed by paragraph numbers refers to the numbered paragraphs contained in the Affidavit of Ann Barry Hanneman in Support of Defendant's Motion to Dismiss Amended Complaint filed on June 18, 2010. References to the exhibit attached to the affidavit will follow with the "Exh." designation.

#430508

In section 3 of the EEOC charge, plaintiff checked two boxes as to the reason for discrimination. The first box checked indicated because of "my disability which is infertility."[3] The second box checked indicated "I opposed discrimination in the workplace." In providing the facts explaining how plaintiff was discriminated against, plaintiff's attorney incorporated an attached narrative consisting of 23 separately numbered paragraphs and two separately attached exhibits consisting of a total of six pages.

In this lengthy narrative, plaintiff identified factual allegations that affected his wife (Jeanne Van Oss) during her employment with the defendant about which his wife sought resolution through counsel. The narrative provides specific case references to complaints filed by Jeanne Van Oss against defendant and refers to actions taken by his wife's lawyer. Specifically, plaintiff's charge states: "Counsel for Jeanne Van Oss approached Sterling Aviation with regard to the situation and gave a deadline of August 10, 2007 to resolve the problems Jeanne Van Oss was experiencing." The following allegations specifically allege: "Following Jeanne Van Oss's assertion of her rights under state and federal law regarding fertility matters, a campaign of harassment, discrimination, and retaliation began against Jeffrey Van Oss." Following this statement, plaintiff alleges that: "On August 10, 2007 (the deadline for resolution of Mrs. Van Oss' matter) Sterling Aviation President and Chief Operating Officer, Rob Gort, informed Mr. Van Oss that the situation with the Van Oss' fertility and the legal claims asserted by Jeanne Van Oss would lead to the ruin of Jeff Van Oss's career with Sterling."

The narrative includes a conclusory statement that: "Mr. Van Oss was fired for disability relating to infertility and for opposing discriminatory workplace practices." In the EEOC charge, including the full 23-paragraph narrative provided by plaintiff's counsel, there is no reference to

---

[3] It is noted that the Amended Complaint filed by plaintiff did not include allegations of disability discrimination under the Americans With Disabilities Act or the Wisconsin Fair Employment Act.

gender or sex at all. Similarly, there is no reference to discriminatory practices based on gender nor is there any reference to plaintiff's opposition due to gender/sex discrimination. Notably, there are no facts supporting any allegation that plaintiff opposed any unlawful gender or sex discrimination in the workplace. The EEOC charge fails to identify the gender of any individuals or any practices or treatment of defendant alleged to have been based upon gender. Furthermore, there are no references to any written correspondences by plaintiff's legal counsel that support factual allegations that plaintiff opposed unlawful gender discrimination in the workplace.

### 2. *Plaintiff's Amended Complaint*

In plaintiff's amended complaint, when describing the "nature of proceedings," plaintiff alleges: "The Plaintiff also alleges that his termination constituted unlawful retaliation for his opposition to gender discrimination in the workplace." (Amended Complaint, ¶ 1). In paragraph 8 of the amended complaint, plaintiff alleges the following: "In August 2007, through direct communications with the President and Chief Operating Officer of Sterling Aviation, LLC, and through written correspondence by legal counsel, Jeffrey Van Oss opposed unlawful gender discrimination in the workplace." (Amended Complaint, ¶ 8). In paragraph 9, plaintiff alleges the following: "After opposing unlawful gender discrimination, Sterling Aviation, LLC retaliated against Jeffrey Van Oss by, *inter alia*, creating a hostile work environment, by taking away vacation entitlement, by not providing holiday vacation benefits, and by ultimately terminating his employment on November 12, 2007. This retaliation violated 704(a) of the Title VII, 42 U.S.C. § 2000e-3(a)."

#430508

4

Case 2:09-cv-01069-WEC    Filed 07/08/10    Page 4 of 12    Document 17

## ARGUMENT

**I.    Plaintiff's Title VII Retaliation Claim Based upon Opposition of Gender or Sex Discrimination Does Not Reasonably Relate to the Predicate EEOC Charge as Required by Title VII.**

Title VII mandates that a complainant file his or her charge with the EEOC within 300 days of the discriminatory act. 42 U.S.C. § 2000e-5(e)(1). Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enable it to perform its role of obtaining voluntary compliance and promoting conciliatory efforts. *Duncan v. Delta Consolidated Industries,* 371 F.3d 1020, 1024 (8th Cir. 2004) (citing *Shannon v. Ford Motor Co.,* 72 F.3d 678, 684 (8th Cir. 1996). To exhaust this administrative remedy, the complainant must: "(1) timely file a charge of discrimination with the EEOC setting forth the facts and the nature of the charge; and (2) receive notice of the right to sue." 42 U.S.C. § 2000e-5(b)(c)(e). This court has recognized that allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985).

This court has recognized that under Title VII, a plaintiff may bring only those claims that were included in the EEOC charge, or claims that are reasonably related to the allegations of the charge and grow out of such allegations. *McKenzie v. Illinois Dept. of Transp.,* 92 F.3d 473, 481 (7th Cir. 1996) (citations omitted). This standard is met if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claims in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *Cheek v. Western and Southern Life Ins., Co.*, 31 F.3d 497, 501 (7th Cir. 1994). The claims are not alike or reasonably related unless there is a factual relationship between them.

This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals. *Id.*

In this case, as set forth below, the application of case law to the facts provide that the goals of the administrative process would not be met if plaintiff is allowed to proceed with his amended complaint. In fact, plaintiff's attorney signed the EEOC charge on plaintiff's behalf. In *Rush*, the court recognized that "the goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). In applying this standard, the Seventh Circuit has been mindful of the admonition that "technicalities are particularly inappropriate in a statutory scheme [like Title VII] in which layman, unassisted by trained lawyers, initiate the process." *Id.* at 1111 (citing *Love v. Pullman Co.*, 404 U.S. 522 (1972)). However, the court has required necessary detail to allow the agency to perform its statutory duty. This court has stated: "However, the requirement of some specificity in a charge is not a 'mere technicality.' Some detail, beyond a statement that 'I believe I have been discriminated against because of my race, Black' is necessary to allow the agency to perform its statutory duty." *Id.* at 1111. The court noted: "We hold it will not suffice to file general charges with the EEOC, as was done here, and then expect that this allegation will permit all claims of race-based discrimination in a subsequent lawsuit." *Id.*

In applying this standard, courts have considered whether a plaintiff in a particular case was assisted by an attorney at the time of the EEOC charge filing. Under circumstances where a plaintiff was advised by counsel at the time of filing, the court has applied a higher level of specificity in an EEOC charge. In this case, as in the *Rush* case, the plaintiff was represented by a lawyer at the time of the EEOC filing. In fact, plaintiff's attorney signed the EEOC charge on

plaintiff's behalf. Under these circumstances, the *Rush* court noted: "Any doubt we might have that the racial harassment was never brought to the attention of the EEOC is resolved in this case by noting that here, Mrs. Rush was advised by her attorney even at the stage of filing her charge with the EEOC. Therefore, it is not unreasonable to require some additional specificity or detail as a condition precedent for permitting her to assert her claim of racial harassment." *Id.* at 1112.

Particularly here in this case, where plaintiff's own attorney filed and signed the EEOC charge on plaintiff's behalf, the fact that plaintiff did not identify opposition of gender/sex discrimination in the workplace as a basis for his retaliation case nor identify any facts relating to gender discrimination at all, leniency should not be shown. The fact that plaintiff and his lawyer chose not to set forth facts as now alleged in the federal court amended complaint should not be rewarded and plaintiff must be precluded from proceeding on that basis.

The plaintiff's EEOC charge contains no allegations that the plaintiff engaged in opposition of unlawful gender discrimination. An examination of the relevant case law and the predicate EEOC charge at issue shows that the predicate charge does not sufficiently relate to plaintiff's amended complaint. This is particularly so when plaintiff was represented at the time of his EEOC filing.

> A. **The Retaliation Claim Contained In The Amended Charge Does Not Fall Within the Scope Of The EEOC Charge And As a Matter of Law Must Be Dismissed.**
>
> > 1. *The EEOC charge does not allege a retaliation claim because of opposition to unlawful gender discrimination in the workplace.*

An examination of the EEOC charge at issue in the instant case and of the retaliation claim as alleged in the amended complaint reveals that the EEOC charge does not describe the same conduct or relate to the same conduct as alleged in the amended complaint. In the EEOC charge, plaintiff clearly alleges that the basis of discrimination is due to disability and because he

opposed workplace discrimination. However, the EEOC charge failed to provide any factual basis for the claims of retaliation based upon opposition to gender discrimination. The EEOC charge does not mention gender at all, does not set forth facts to suggest defendant engaged in discriminatory practices because of gender, and does not provide facts that plaintiff voiced any complaints to defendant relating to discriminatory treatment or practices.

In contrast to the EEOC charge, plaintiff alleges in the amended complaint that in August 2007 he opposed unlawful gender discrimination in the workplace through direct communications with the President and Chief Operating Officer and through written correspondence by legal counsel. (Amended Complaint, ¶ 8). Although plaintiff claims his retaliation is within the scope of his EEOC complaint and/or the EEOC investigation, it is clearly not. Significantly, in the EEOC charge, plaintiff provided no facts alleging that he voiced any complaint to management about gender discrimination in the workplace as he now alleges in the amended complaint. Moreover, as addressed above, plaintiff did not include any facts in the EEOC charge suggesting that the company engaged in discriminatory practices based on gender as now alleged. Furthermore, he does not state facts even identifying any discussion about gender discrimination. Consequently, the plaintiff's EEOC charge and the amended complaint allegations do not describe the same conduct and therefore should be dismissed.

In the EEOC charge, plaintiff clearly did not indicate in the factual allegations any basis for a retaliation charge (e.g., that he complained about gender/sex discrimination in the workplace). Instead, he alleges that his wife asserted her rights as to fertility matters and, consequently, he was subjected to "a campaign of harassment, discrimination, and retaliation." Notably, in the entire lengthy EEOC charge drafted by plaintiff's lawyer, there is not one reference made to "gender or sex" as the basis for his opposition claim as now asserted. If plaintiff intended gender discrimination to be included in his charge, that allegation should have

been set forth in the charge.  At the very minimum, plaintiff should have alleged facts to support a contention that defendant engaged in discriminatory practices based on gender.  As these claims are not supported by the predicate EEOC charge, the retaliation allegation in the amended complaint must be dismissed as it does not reasonably relate to the EEOC charge.

> **2. There is not a reasonable relationship between the allegations in the EEOC charge and the retaliation based upon opposition of gender discrimination claim made in the federal court complaint.**

The Seventh Circuit has recognized that retaliation claims are not like or reasonably related to substantive claims of discrimination.  The Seventh Circuit has made clear that claims of retaliation simply are not "like or reasonably related to" substantive claims of discrimination.  In *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720 (7th Cir. 2003), for example, the court held that the plaintiff's sex discrimination and sexual harassment claims were not like or reasonably related to her claim of retaliatory termination because they involved "a separate set of incidents, conduct, and people, spanning over a period of time prior to the filing of her complaint and more than three months prior to her termination." Id. at 726-27.  *See also Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544 (7th Cir. 1988) (retaliation claim did not fall within the scope of the plaintiff's EEOC charge where "[t]here [wa]s no mention of retaliation or any other words to that effect."); *O' Rourke v. Continental Cas. Co.*, 983 F.2d 94, 97 (7th Cir. 1993) (reversing jury finding of retaliation where the EEOC charge "did not identify the exercise of a protected right or any adverse consequence").

As noted in *Steffen*, a retaliation claim injects an entirely new theory of liability into the case alleging unlawful activity of a much different nature than the age discrimination alleged in the charge." *Steffen*, 859 F.2d at 545.  As plaintiff has not alleged any facts or allegations describing the retaliation claim based upon opposition due to gender/sex as he now alleges, his

#430508
9

claim of Title VII retaliation must be dismissed as the allegations are outside the scope of the predicate EEOC charge.

As noted by the Seventh Circuit, "'retaliation' is shorthand for 'adverse consequence deliberately attached to the exercise of a right protected by law.'" *O'Rourke*, 983 F.2d at 97. Here, plaintiff did not identify facts supporting an allegation that any action he took resulted in a deliberate adverse consequence. Rather, in his EEOC charge, he specifically points to facts concerning his wife's actions and actions her attorney took on her behalf to rectify "the problems Jeanne Van Oss was experiencing." (Hanneman Aff., ¶ 2, Exh. A). Plaintiff specifically alleges that he experienced retaliation "following Jeanne Van Oss' assertion of her rights." *Id.*

Courts have recognized that the assertion of retaliation claims based upon a different form of discrimination are not reasonably related to those asserted in a subsequent judicial action. In *Frederic v. Northwestern Memorial Hospital*, No. 04C4443, 2004 WL 1563136 (N.D. Ill. June 7, 2005), the district court barred a subsequent claim of retaliation based upon internal complaints regarding sexual harassment when plaintiff's EEOC charge included facts relating to filing a prior EEOC charge and internal complaints relating to her disability and the employer's failure to accommodate her.

In *Frederic*, when examining whether the complainant would be precluded from proceeding on a sexual harassment claim where the underlying EEOC charge contained checked boxes for sex discrimination and retaliation, the court also recognized that the checking of the boxes is not enough. (*Id.* at *3-4). The court emphasized that the factual basis in the subsequent judicial filing that alleged sexual harassment in a hostile work environment was not sufficiently stated in her EEOC charge. The same is true in this case: Plaintiff's failure to sufficiently set forth facts that support his current amended complaint of retaliation based upon opposition to gender discrimination is determinative, not the box that simply refers to "opposed discrimination

in the workplace." The omission of reference to gender discrimination is more than a technical defect, it thwarts the purpose of requiring an administrative charge be filed with the EEOC.

As the court noted in *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994), claims of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike just because they both assert forms of sex discrimination. Courts have held the same is true with regard to retaliation. *See Orr v. Auto Club Group,* No. 08CV538, 2009 WL 1322326 (D. Neb. May 11, 2009) (court precluded claims based upon complaints of federal law violations where plaintiff checked retaliation box on EEOC charge form but only provided factual allegations for retaliation based on plaintiff's complaints of harassment). The fact that plaintiff specifically alleged retaliation based upon his wife's complaints in the EEOC charge does not make it reasonably related to his now asserted retaliation claim that he opposed gender discrimination.

**II.** **As Plaintiff's Retaliation Claim Based on Opposition to Sex/Gender Discrimination in the Workplace Do Not Relate to the Predicate EEOC Charge as Required by Title VII, Plaintiff has Failed to Exhaust Administrative Remedies as Required and Such Claims are Untimely and Must be Dismissed.**

This court has recognized that allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985). Here, defendant did not have notice of such a claim based upon the EEOC charge filed by plaintiff.

In this case, plaintiff attempts to allege claims against defendant that he failed to allege when his lawyer filed his EEOC charge on his behalf. If plaintiff is able to proceed with his amended complaint, plaintiff will in effect be permitted to proceed to litigate claims that are

untimely, as he now asserts new bases for claims from events that took place before November 12, 2007, well after the 300 days for filing his claim as required by Title VII. The very purposes of requiring administrative remedies to be exhausted prior to bringing a federal court action will be ignored.

Plaintiff's failure to preserve such claims on a timely basis should not be rewarded. As this court has pronounced, it is not enough for plaintiff to simply file a general claim with the EEOC and then expect that the charge will permit all claims of retaliation in a subsequent lawsuit. *Rush,* 966 F.2d at 1111. This is exactly what plaintiff has done. As plaintiff has failed to allege such claims in the predicate charge, plaintiff's amended complaint should be dismissed for failure to exhaust his administrative remedies as required under Title VII.

## CONCLUSION

Defendant requests that this Court grant Defendant's Motion to Dismiss Plaintiff's Amended Complaint Filed on June 18, 2010. The additional claim alleging Title VII retaliation based upon opposition to unlawful gender discrimination in the workplace contained in the amended complaint filed by plaintiff do not relate to the underlying EEOC charge filed by plaintiff. Consequently, this claim must be dismissed as a matter of law.

Dated: July 8, 2010

s/ Ann Barry Hanneman
Attorneys for Defendant
Sterling Aviation, LLC
Ann Barry Hanneman
S.B.W: #1008899
COOK & FRANKE S.C.
660 East Mason Street
Milwaukee, WI 53202
Phone: (414) 271-5900
Fax:    (414) 271-2002
Email:  abarry@cf-law.com