UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY VAN OSS,

    Plaintiff,

v.                                                   Case No. 09-C-1069

STERLING AVIATION, LLC,

    Defendant.

## DECISION AND ORDER

On November 12, 2009, the plaintiff, Jeffrey Van Oss ("Van Oss"), filed a Complaint against the above-named defendant, Sterling Aviation, LLC ("Sterling Aviation"), in the Eastern District of Wisconsin, alleging a violation of the Family and Medical Leave Act ("FMLA"). On June 18, 2010, Van Oss filed an Amended Complaint, alleging an additional claim of retaliation under Title VII of the Civil Rights Act. Van Oss, on June 18, 2010, also requested an extension of time to file expert witness reports.

Sterling Aviation now moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Title VII claim is not related to and does not grow out of the Discrimination Complaint filed with the United States Equal Employment Opportunity Commission ("EEOC") and, therefore, said claim is barred by the doctrine of administrative exhaustion. Sterling Aviation also opposes Van Oss's request to extend the time within which to file expert witness reports.

These motions are now fully briefed and are ready for resolution. For the reasons that follow, Sterling Aviation's motion to dismiss the Amended Complaint will be denied, and Van Oss's request for additional time to file expert witness reports will be granted.

## I. DISCUSSION

On May 21, 2008, Van Oss filed a Discrimination Complaint with the Wisconsin Equal Rights Division ("ERD") of the Department of Workforce Development, which was cross-filed with the EEOC. In his EEOC charge, Van Oss alleged that he was discriminated against because of his disability, which is infertility, and because he opposed discrimination in the workplace. (Hanneman July 8, 2010 Aff. ¶ 2, Ex. A.) Van Oss attached a twenty-three paragraph Statement of Discrimination, alleging that Sterling Aviation retaliated against him by revoking his vacation benefits, writing him up, and eventually terminating his employment on November 12, 2007. Specifically, the charge indicated that Van Oss and his wife began experiencing discrimination and retaliation after his wife was docked pay because she needed time off to undergo fertility treatment. The EEOC charge explained that Van Oss believed that he was "intentionally discriminated against [] for opposing discriminatory employment practices, in violation of the Wisconsin Fair Employment Act and Title VII of the Civil Rights Act of 1964," and that he was fired "for disability relating to infertility and for opposing discriminatory workplace practices." (*Id.* ¶¶ 20, 22.)

On August 7, 2008, Van Oss's legal counsel filed a letter with the ERD in support of Van Oss's charges. (End Aff. ¶ 5, Ex. 2.) In that letter, Van Oss's legal counsel explained the Van Oss' difficulties with fertility and their attempts and accommodation requests to undergo in vitro fertilization. The letter also indicated that Sterling Aviation allegedly discriminated against Mrs. Van Oss because of "her gender and her disability" and that "[s]hortly after Mr. Van Oss opposed the workplace discrimination directed at both him and his wife he was subjected to a campaign of harassment, discrimination and retaliation eventually resulting in termination . . . ." (*Id.* at 1-3.)

On August 21, 2008, the EEOC advised Van Oss that he had a right to a review of his charge by the EEOC if he requested one within fifteen days. (End Aff. ¶ 6, Ex. 3.) On September 5, 2008,

Van Oss's legal counsel filed a letter with the EEOC, requesting an independent review of his employment discrimination charges. (End Aff. ¶ 7, Ex. 4.) The letter indicated that Van Oss "substantiated with sufficient evidence that he engaged in statutorily protected opposition when he requested an accommodation for himself and his wife for infertility treatment." (*Id.* at 1.) The letter further stated that Van Oss "opposed the discriminatory actions taken against his wife when she was wrongfully terminated for gender and disability discrimination." (*Id.* at 2.)

Pending before the court are two motions. First, Sterling Aviation moves to dismiss Van Oss's Title VII retaliation claim as contained in the Amended Complaint because it does not reasonably relate to the claims alleged in his Discrimination Complaint filed with the EEOC. Sterling Aviation also argues that the August 7, 2008 letter filed with the ERD and the September 5, 2008 letter filed with the EEOC should not be considered because they were not properly verified, as required by 29 C.F.R. § 1601.9. Second, Van Oss moves for an extension of time to file expert witness reports, which Sterling Aviation opposes. The court will address these motions in turn.

**A. Motion to Dismiss Title VII Claim of Amended Complaint.**

Generally, a plaintiff may not raise a Title VII claim in a district court that was not included in the charge of discrimination filed with the EEOC unless the claim is like or reasonably related to the allegations of the charge and grow out of such allegations. *See McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996). Stated differently, "it must appear that 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 664 (7th Cir. 2000) (quoting *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). The purpose of this rule is two-fold in that it is meant to give the EEOC and employer an opportunity to settle the dispute, and it is meant to give the employer fair

3

notice of the conduct about which the employee is complaining. *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005).

Having reviewed the EEOC charge, I conclude that the Title VII retaliation claim based upon opposition to unlawful gender discrimination in the workplace reasonably relates to the allegations of the charge and grows out of such allegations. Van Oss's EEOC charge includes tremendous detail, including that the Van Oss' were undergoing fertility treatment, that Mrs. Van Oss was denied medical leave for such matters, that Mrs. Van Oss asserted her rights under state and federal law regarding fertility matters, and that on August 10, 2007 (the date by which Sterling Aviation was given to resolve problems regarding the Van Oss' fertility situation), Sterling Aviation President and Chief Operating Officer, Rob Gort ("Gort"), informed Van Oss that his fertility situation as well as the "legal claims asserted by Jeanne Van Oss would lead to the ruin of [Van Oss's] career with Sterling." (Hanneman Aff. ¶ 2, Ex. A. ¶¶ 3-6.) On that same day, August 10, 2007, Gort terminated Van Oss from his Facilities Manager position, reducing his duties to strictly that of a pilot. (*Id.* at ¶ 6.) Moreover, Van Oss alleged in his charge that he was discriminated against and fired for opposing discriminatory employment practices, in violation of Title VII. Certainly, the Title VII claim in the Amended Complaint can reasonably be expected to grow out of an EEOC investigation of these allegations.

To be sure, Van Oss did not refer to "gender" in his EEOC charge. Nevertheless, this omission is not fatal to Van Oss's Amended Complaint, particularly because he made reference to Title VII. Keeping in mind that Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin, it becomes apparent that Van Oss opposed unlawful *gender* discrimination. Put simply, the specific factual allegations set forth in the EEOC charge leads me to conclude that Sterling Aviation had fair notice of the conduct about which Van Oss is complaining.

Because the claim alleging Title VII retaliation based upon unlawful gender discrimination in the workplace relates to Van Oss's underlying EEOC charge, it is unnecessary to consider the subsequent letters sent both to the ERD and the EEOC. In any event, it is questionable as to whether these letters could be considered. In some instances, "'[a]llegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations.'" *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 664 (7th Cir. 2000) (quoting *Cheek*, 31 F.3d at 502). However, 29 C.F.R. § 1601.9 requires that a charge be in writing, signed, and verified. "Verified," under 29 C.F.R. § 1601.3, means "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury."

Here, Van Oss's legal counsel wrote and signed the August 7, 2008 and September 5, 2008 letters. While a charge may be filed "by or on behalf of person claiming to be aggrieved," *see* 42 U.S.C. § 2000e-5, it does not appear that the regulations have dispensed with the requirement that a plaintiff verify the facts supporting his claim. *See Buck v. The Hampton Township Sch. Dist.*, 452 F.3d 256, 260-61, n.4 (3d Cir. 2006). In *Buck*, the court found that the petitioner's charge did not satisfy the "literal" verification requirement because the EEOC documents were signed by an attorney on her behalf. Finding the verification requirement was waived, however, the court left open the possibility that an attorney's statement as to the truth and correctness of the charge could be deemed satisfactory verification. *Id.* at 261 n.4. Because the nature of Title VII is a "remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process," *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 115 (2002), the argument that an attorney's statement as to the truth and correctness of the charge could be deemed satisfactory verification has some merit. However, as

previously discussed, the court need not decide this issue because I find that the Title VII retaliation claim reasonably relates to the allegations of the EEOC charged filed on May 21, 2008.

**B. Motion for Extension of Time to File Expert Witness Reports on FMLA Claim.**

Fed. R. Civ. P. 26(a)(2)(C) requires a party to make expert witness disclosures "at the times and in the sequence that the court orders." To ensure compliance with this discovery requirement, Rule 37 provides that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." If the violation was neither justified nor harmless, "exclusion is automatic and mandatory." *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

In determining whether a Rule 26(a) violation is justified or harmless, a district court has broad discretion. *See id.* However, the Seventh Circuit set forth the following factors to guide a district court's determination: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (citing *Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995)).

It appears from the parties' submissions that Van Oss is requesting additional time to identify an expert for his original FMLA claim. I do not see how his failure to name expert witnesses on his FMLA claim is substantially justified, in light of the time that passed since he filed his complaint, which was November 12, 2009, as well as the failure to request an extension before the deadline set forth in the April 7, 2010 Scheduling Order, which was June 14, 2010.

Nevertheless, after weighing the above-referenced factors, I find that an extension of time for filing expert witness reports as to both the FMLA and Title VII claims is harmless. Mindful of the

6

effects that an extension of the time has on Sterling Aviation, I find that any prejudice to Sterling Aviation is outweighed by a consideration of the other factors. The defendant does not claim to be surprised by the proposed expert report, and it appears that the plaintiff is readily able to cure any prejudice because the medical records involved span a limited time frame and are approximately only ten pages in length. Additionally, so long as it is reasonable to extend the deadline for disclosure of expert witness reports as to the Title VII claim (which I find to be the case here), the likelihood of disruption attributed to extending the deadline as to the FMLA claim is minimal. Moreover, there is no evidence of bad faith or willfulness on the part of the plaintiff in not disclosing such evidence earlier.

Accordingly, Van Oss's request will be granted. Van Oss shall disclose all expert witnesses as to all claims no later than October 27, 2010. In light of this extension, the court will also extend Sterling Aviation's deadline for disclosing all expert witnesses from November 16, 2010 (the date determined by a Stipulation filed on September 15, 2010) to December 1, 2010.

The April 7, 2010 Scheduling Order will also be amended to reflect the following:

1. All discovery is to be completed in accordance with Civil L.R. 26(c) by January 10, 2011.

2. All dispositive motions, together with briefs, are to be filed in accordance with Civil L.R. 56, and no later than February 7, 2011.

3. The scheduling conference scheduled for January 21, 2011, at 9:30 a.m. will be cancelled and re-scheduled for February 10, 2011, at 9:00 a.m. If there are unresolved summary judgment motions at that time, the scheduling conference will be cancelled.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to dismiss the Amended Complaint be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's request to extend the time for filing expert witness reports (as to all claims) be and hereby is **GRANTED**.

**SO ORDERED** this 7th day of October 2010 at Milwaukee, Wisconsin.

                                          **BY THE COURT:**

                                          s/ William E. Callahan, Jr.
                                          WILLIAM E. CALLAHAN, JR.
                                          United States Magistrate Judge

8
Case 2:09-cv-01069-WEC   Filed 10/07/10   Page 8 of 8   Document 29